{¶ 21} I concur with the result of the lead opinion and would reverse the judgment of the trial court. However, in response to the concern expressed in the dissenting opinion, I would additionally base my reasoning on the fact that the statute at issue, R.C. 2903.06, specifically recognizes a distinction between the terms "recklessly" and a "reckless operation offense."
 {¶ 22} When the legislature uses different words within the same statute, courts are required to give meaning to the language used. "In interpreting statutes, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used.'"Perrysburg Twp. v. Rossford, *Page 12 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 7, quoting Cleveland Elec. Illum. Co. v.Cleveland (1988), 37 Ohio St.3d 50, paragraph three of the syllabus.
 {¶ 23} R.C. 2903.06(A)(2)(a) prohibits recklessly causing the death of another. However, R.C. 2903.06(A)(2)(b) prohibits causing the death of another "as the proximate result of committing, while operating or participating in the operation of a motor vehicle or motorcycle in a construction zone, a reckless operation offense." (Emphasis added). Had the legislature not intended there to be a difference in "recklessly" and "a reckless operation offense", they would not have needed to add an additional element to R.C. 2903.06(A)(2)(b), to wit: while operating or participating in the operation of a motor vehicle or motorcycle in a construction zone. Accordingly, this court must acknowledge and accept the consequences of the legislature's differentiation between the two terms.